IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Case No. 13 C 50360 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Joshua L. Davis, ) | |
| ) | Judge Philip G. Reinhard |
| Defendant. ) | |

**ORDER**

For the reasons stated below, petitioner Joshua L. Davis' petition pursuant to 28 U.S.C. § 2255 [1] is dismissed. The court declines to issue a certificate of appealability and denies petitioner's request for an evidentiary hearing. This cause is dismissed in its entirety.

**STATEMENT-OPINION**

On September 11, 2009, petitioner, Joshua Davis, a federal prisoner, pled guilty to one count of illegal distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (count one), and one count of illegal possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count six).[1] *See United States v. Davis*, No. 08-CR-50026-1, Plea Agreement; [57]. On December 14, 2009, this court sentenced Davis to 240 months imprisonment, (240 months for count one and 120 months on count six to run concurrent).

At sentencing, the court determined that Davis was a career offender because of his three prior felony convictions. *See United States v. Davis,* No. 08-CR-50026-1, Tr. of Sentencing Proceedings 12/14/09; [81] at 7; 27. His career offender status gave him a guideline range of 262 to 327 months imprisonment. However, after the court considered the 3553(a) factors, it made a downward departure and imposed a total sentence of 240 months imprisonment. *See id.* at 28-29.

Davis appealed his sentence. Ultimately, the Seventh Circuit Court of Appeals dismissed the appeal after Davis' appointed counsel sought to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) and the Seventh Circuit could not identify a nonfrivolous issue to pursue on appeal. *See United States v. Davis*, 406 Fed. Appx. 66, 69 (7th Cir. 2010). Davis chose not to file a writ of certiorari to the United States Supreme Court for further review.

---

[1]The plea agreement, indictment, and all other documents relating to Davis' criminal case are filed under case number 08-CR-50026-1.

1

In September 2011, Davis moved for a reduced sentence pursuant to 18 U.S.C. § 3582. At this time, the court denied the motion because the Amendments to the crack cocaine guidelines which Davis was relying upon had not yet become effective. In the court's order, it informed Davis that he could seek relief when the Amendments were made retroactive. *See United States v. Davis*, No. 08-CR-50026-1, [98] at 1 (N.D. Ill. Sept. 7, 2011).

Pursuant to these instructions, Davis filed a second Section 3582 motion on January 23, 2012 (after the Amendments became effective). However, this motion was denied after the court determined Davis was not eligible for a sentence reduction because of his status as a career offender. *United States v. Davis*, No. 08-CR-50026-1, [108] at 1 (N.D. Ill. Feb. 5, 2013).

A few weeks before he filed his second Section 3582 motion, Davis filed a motion for appointment of counsel for his "2255 Appeal."[2] On January 11, 2012, the court, in its discretion, denied the motion. *See United States v. Davis*, No. 08-CR-50026-1, [101] at 1 (N.D. Ill. Jan. 11, 2012).

Davis contends he did not receive the court's Order denying counsel until July 5, 2013. As a result, on July 30, 2013, he filed a motion seeking permission to file an untimely petition under 28 U.S.C. § 2255.[3] In that motion, Davis essentially asked the court to waive the one-year statute of limitations and allow him to file an untimely petition under 28 U.S.C. § 2255 because the Bureau of Prisons failed to forward him his mail. On September 24, 2013, the court dismissed Davis' motion for lack of jurisdiction. *See United States v. Davis*, No. 08-CR-50026-1, at [114] (N.D. Ill. Sept. 24, 2013). In the court's order, it informed Davis that he needed to file a petition under 28 U.S.C. § 2255 if he wanted the court to address his arguments regarding timeliness and prejudice. *See id.*

Nearly two months later, Davis filed the instant Section 2255 petition.[4] *See* [1]. In it, he first argues that the court should excuse his tardiness because he did not receive a copy of the court's order which denied his motion for appointment of counsel until July 2013. *See* [1] at 14-18. Davis seems to argue that his delayed receipt in mail in addition to his denied access to the law library at the prison he resides make 28 U.S.C. § 2255(f)(2) applicable to his case. Next, Davis argues that his petition is timely under 28 U.S.C. § 2255(f)(3) because he is relying on a newly recognized right asserted by the United States Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2013). *See* [1] at 18.

After asserting his arguments regarding timeliness, Davis contends he is entitled to relief under Section 2255 because he was denied effective assistance of counsel at both the trial court and on direct appeal. *See* [1] at 22-43. He claims both of his attorneys were ineffective because they failed to challenge his status as a career offender. *See id.* Finally, Davis argues *habeas*

---

[2]This motion also appears under Davis' criminal case, 08-CR-50026-1 at [100].

[3]Because a civil case had not yet been opened, this motion also appears under Davis' criminal case, 08-CR-50026-1 at [111].

[4]Davis' Section 2255 petition and the Government's response appear under his civil case number, 13-C-50360.

2

relief is warranted because this court incorrectly determined his guideline range under the United States Sentencing Guidelines. *See* [1] at 43-49.

The Government has responded and urges the court to dismiss Davis' petition as untimely. Alternatively, the Government contends that the petition should be denied because Davis' claims are meritless.

For the reasons more fully articulated below, the court agrees with the Government regarding the untimeliness of Davis' petition. For the sake of completeness, the court will also briefly address why Davis' Section 2255 petition would be denied even if it was timely filed.

A sentence may be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255 if the sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, relief is available only when there was "an error of law that is jurisdictional, constitutional or constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quotations and citations omitted).

**A. Davis' Petition is Untimely**

   *1. Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 added a one-year statute of limitations for prisoners to assert collateral attacks on their sentences under Section 2255. *See* 28 U.S.C. § 2255(f). The limitations period begins to run from the latest of –

   (1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In this case, Davis' judgment of conviction became final on March 28, 2011. This is because Davis had ninety days after the entry of judgment from the Seventh Circuit Court of

Appeals, which took place on December 27, 2010, to file a petition for certiorari to the United States Supreme Court. *See* Sup. Ct. R. 13. Since Davis chose not to file a petition for writ of certiorari, his conviction became final at the end of that 90-day period, on March 28, 2011. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Jones v. Hulick*, 449 F.3d 784, 787-88 (7th Cir. 2006) (holding that a conviction becomes final "the day when the time to file a petition for certiorari to the United States Supreme Court expire[s]."). Thus, Davis' one-year limitation period commenced on the date of the final judgment, March 28, 2011, and expired on March 28, 2012. It therefore follows that the instant petition, filed on November 12, 2013, is untimely.

Davis does not dispute the fact that this petition was filed over a year after his judgment became final. Instead, he appears to argue that 28 U.S.C. § 2255 (f)(2) and 28 U.S.C. § 2255 (f)(3) are applicable to his case and therefore allow the court to consider the merits of his petition. In his reply brief, (which the court accepts, but notes was also untimely), Davis claims equitable tolling is warranted and also makes his petition timely.

### *2. 28 U.S.C. § 2255 (f)(2)*

28 U.S.C. § 2255(f)(2) governs the period of time prisoners have to file a Section 2255 petition if their filing is somehow impeded by the government. *See* 28 U.S.C. § 2255(f)(2); *see also Ryan v. United States*, 657 F.3d 604, 605 (7th Cir. 2011). It provides prisoners the "benefit of a full year . . ." after the alleged impediment caused by the government is removed. *Id.* at 607.

Davis contends the Bureau of Prisoners impeded his ability to file a motion under Section 2255 because it failed to forward him notice that this court denied his motion for appointed counsel. [1] at 16. Davis claims the impediment was removed when he received a copy of the court's order on July 5, 2013. Thus, Davis argues that July 5, 2013 started his one-year limitations period and the instant petition filed on November 12, 2013 is timely.

The Government responds that the delayed receipt of the court's Order is not an impediment for the purposes of 28 U.S.C. § 2255(f)(2). It points out that Davis failed to inquire about the status of his motion for appointment of counsel until June 26, 2013, nearly a year and a half after his motion was filed and over a year after his judgment became final. Because of this, the Government claims this is not a circumstance beyond Davis' control and the application of 28 U.S.C. § 225(f)(2) is not warranted. The court agrees.

First, the court finds Davis' delayed receipt of the court's order was not an impediment which prevented Davis from filing a Section 2255 petition. While the Seventh Circuit has not expressly defined what constitutes an "impediment" for the purposes of Section 2255 (f)(2), it has determined that "an impediment must prevent a prisoner from filing his petition." *Moore v. Battaglia*, 476 F.3d 504, 506-07 (7th Cir. 2007) (citing *Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002)). Here, the delayed receipt of the court's Order denying Davis' motion for appointment of counsel did not prevent him from filing his Section 2255 petition. Indeed, Davis could have filed a timely petition and re-asserted his request for counsel in that petition. Davis has failed to point to any authority which states that a delayed receipt in mail constitutes an impediment for the purposes of 28 U.S.C. § 2255(f)(2) and the court is unable to find any. Accordingly, the court concludes Davis' delayed receipt of the court's order does not constitute

an unconstitutional government action which prevented Davis from filing his Section 2255 petition. *See* 28 U.S.C. § 2255(f)(2).

Next, Davis argues that 28 U.S.C. § 2255(f)(2) is applicable because he has been denied access to the law library at his current institution, FCI Beaumont. The court acknowledges that the Seventh Circuit has recently held that "[l]ack of library access, can in principle, be an "impediment" to the filing of a collateral attack." *See Estremera v. United States*, 724 F.3d 773, 776 (7th Cir. 2013) (joining other circuits in finding that lack of library access may allow prisoners more time to file collateral attacks under 28 U.S.C. § 2255(f)(2)). However, in this case, Davis specifically claims he has been denied law library access at FCI Beaumont. While he states the denied access has occurred since he arrived at FCI Beaumont in January 2012, this contradicts his prior filings and representations which indicate that he was not transferred to FCI Beaumont until August, 2012. *See United States v. Davis*, No. 08-CR-50026-1 at [104] (change of address letter from Davis stating that he was transferred to the FCI Beaumont August 20, 2012). Davis' 2255 petition was due March 28, 2012 (nearly six months before he even arrived at FCI Beaumont). As such, even if the court gives Davis the benefit of the doubt and assumes that he has been denied library access at FCI Beaumont, this denial occurred after the petition was due and would not have prevented him from filing a timely petition after his judgment became final.

Davis' assertion regarding denied law library access in January 2012 is also questionable in light of the fact that Davis filed a *pro se* motion pursuant 18 U.S.C. § 3582 in his criminal case on January 23, 2012. *See United States v. Davis*, No. 08-CR-50026-1 at [102]. In that motion, Davis included legal citations and argument (*see id.* at 1-2) and also mailed the motion in an envelope that listed his return address as FCI Coleman. *See United States v. Davis*, No. 08-CR-50026-1; [102] at 22. In his petition, Davis has not alleged he was denied law library access at FCI Coleman or at any other institution other than FCI Beaumont. *See* [1] at 16-17. Because of this, the court rejects Davis' contention that 28 U.S.C. § 2255(f)(2) is applicable because he was denied law library access at FCI Beaumont. Accordingly, the court does not find 28 U.S.C. § 2255(f)(2) applicable to Davis' case.

### 3. 28 U.S.C. § 2255(f)(3)

Next, Davis contends 28 U.S.C. § 2255(f)(3) makes his petition timely. Section 2255(f)(3) provides that a *habeas* petition may be filed within one year after a "right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable." *United States v. Seriki*, No. 12-CV-7691, 2013 WL 1337401 at *3 (N.D. Ill. March 28, 2013) (citing 28 U.S.C. § 2255(f)(3)). Davis claims his right to relief is based upon the Supreme Court's June 20, 2013 decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). He argues that *Descamps* established a new right which was made retroactive and his November 2013 petition is timely because it falls within "one year from the date on which the right he [is] assert[ing] was initially recognized by th[e] Court." *Dodd v. United States*, 545 U.S. 353, 357 (2005).

While it is undoubtedly true that Davis filed the instant petition within one year of the *Descamps* opinion, Section 2255(f)(3) is inapplicable because *Descamps* did not announce a new

5

rule. In *Descamps*, the United States Supreme Court clarified that the modified categorical approach adopted in *Taylor v. United States*, 495 U.S. 575 (1990) and refined in *Shepherd v. United States*, 544 U.S. 13 (2005), could not be applied to indivisible statutes that criminalize a broader range of conduct than the relevant Armed Career Criminal Act ("ACCA"). *See generally Descamps*, 133 S. Ct. at 2281. The Court in *Descamps* specifically noted that a petitioner's state law conviction for burglary should not have counted as a violent offense under the ACCA and clarified that modified categorical appropriate can only be used with "divisible" statutes, i.e., those that list multiple, alternative elements, effectively creating several different crimes. *Id.* at 2285. That said, the *Descamps* decision did not announce a "new rule" for the purposes of Section 2255(f)(3). *See Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (stating that a case announces a new rule "if the result was not *dictated* by precedent existing at the time the petitioner's conviction became final") (emphasis in original). The rule in *Descamps* has been the rule in the Seventh Circuit since at least 2009. *See United States v. Woods*, 576 F.3d 400, 411 (7th Cir. 2009) (explaining that the Supreme Court's decisions in "*James*, *Taylor*, and *Shepard* permit a court to go beyond the statutory definition of the crime to consult judicial records (charging documents, plea colloquy, etc.) only where the statute defining the crime is divisible . . ."). Thus, even if *Descamps* applies retroactively to cases on collateral review, it did not announce a "new rule" that makes Section 2255(f)(3) applicable. As such, the court rejects Davis' argument that 28 U.S.C. § 2255(f)(3) makes his petition timely.

### *4. Equitable tolling*

In his untimely filed reply brief, Davis argues for the first time that equitable tolling is warranted and this makes his petition timely. Generally, arguments asserted for the first time in a reply brief are waived. *See Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013). However, because the court is cognizant of Davis' *pro se* status, the court will briefly address why Davis' equitable tolling argument is meritless. *See generally Ward v. Jenkins*, 613 F.3d 692, 697 (7th Cir. 2010) (stating that *pro se* petitions are liberally construed).

Equitable tolling is an extraordinary remedy and is only invoked where extraordinary circumstances beyond a habeas petitioner's control prevent timely filing. *See Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). Moreover, equitable tolling is only applicable when a habeas petitioner can show that he has been pursuing his rights diligently and some extraordinary circumstance stood in the way of filing a petition. *Weddington v. Zatecky*, 721 F.3d 456, 464 (7th Cir. 2013). In this case, Davis has failed to establish that extraordinary circumstances warrant tolling and has failed to show he diligently pursued his rights.

Davis claims his circumstance is "extraordinary" because the Bureau of Prisons failed to forward him his mail. However, the court does not find this amounts to an "extraordinary circumstance" that warrants equitable tolling. Indeed, as the court previously noted, Davis has failed to point to any authority which states the delayed receipt in mail constitutes an extraordinary circumstance worthy of equitable tolling. Because it is he who bears the burden of making such a showing, the court finds that there is simply insufficient evidence to support such a finding. *See Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) (petitioner bears the burden of establishing that he is entitled to equitable tolling).

As further support, the court finds the facts in the Seventh Circuit's recent decision *Weddington v. Zatecky*, 721 F.3d 456 (7th Cir. 2013) worth mentioning. In *Weddington*, the Seventh Circuit vacated a district court's dismissal of a prisoner's habeas petition and held that the state's confiscation of a petitioner's habeas petition, legal work, legal papers, and pens and pencils could constitute an extraordinary circumstance for equitable tolling purposes. *Id.* at 464-65. The court reasoned that if the petitioner's assertions were true and all of his legal paperwork was intentionally taken from him, then this could amount to an extraordinary circumstance because he would have been prevented from filing a timely petition. *Id.* at 464.

The facts here are readily distinguishable. Davis claims his circumstance is extraordinary merely because he was not notified that his motion for appointed counsel was denied. *See* [5] at 1-2. He does not argue that prison officials confiscated any of his legal work or materials necessary to file a Section 2255 petition. As the court has already stated, there is nothing about the delayed receipt of the court's order which prevented Davis from filing a timely petition. *See Cannon v. United States*, 326 Fed. Appx. 393, 395 (7th Cir. 2009) (stating that prisoners do not have a constitutional right to counsel in collateral attacks). He could have filed a timely petition under Section 2255 and reasserted his request for counsel in that petition. Thus, unlike *Weddington*, where questions of fact remained regarding whether the state in fact had confiscated his papers and whether the confiscation of those papers prevented the petition from filing, here even if the court assumes that the Bureau of Prisoners failed to deliver Davis the order denying counsel, the withholding of this Order did not prevent Davis from filing his petition. As such, the court does not find Davis has established his circumstances are extraordinary and require equitable tolling.

More importantly, Davis cannot show he diligently pursued his rights. Davis admits that he waited until June 2013, to even inquire about the status of his January 2012 motion. *See* [1] at 15. This is nearly a year and a half after his motion was filed and over a year after his judgment became final and his Section 2255 petition became due. The Supreme Court has stated that the diligence required for equitable tolling is "reasonable diligence." *Holland v. Florida*, 560 U.S. 631, 652 (2010). The court does not find Davis' actions of waiting over a year to inquire about the status of his motion and pursue his rights under Section 2255 amounts to "reasonable diligence." *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (finding equitable tolling inapplicable because the petitioner "had the burden to demonstrate his own diligence in pursuing his claim, but failed to present any evidence in support of it") (citations omitted). Thus, the court does not find equitable tolling appropriate.

In sum, the court rejects Davis' arguments concerning 28 U.S.C. § 2255(f)(2), 28 U.S.C. § 2255(f)(3), and equitable tolling. This means the instant petition, filed over a year after Davis' judgment became final, is untimely and must be dismissed.

## B. Davis' Claims Lack Merit

Even if Davis' petition was timely, it would be denied. First, Davis claims he is entitled to *habeas* relief because he was denied effective assistance of counsel at both the trial court and the court of appeals. He seems to argue that both his attorneys were ineffective for failing to challenge his status as a career offender and for failing to challenge the crack cocaine guidelines.

He references the recent Seventh Circuit decision in *United States v. Lomax*, 712 F.3d 1087 (7th Cir. 2013) as support.

Next, Davis argues *habeas* relief is warranted because this court improperly relied upon his pre-sentence investigation report to determine that one of his prior convictions qualified as a predicate offense for the career offender statute. He claims this "violated the standards" in *Descamps v. United States*, 133 S. Ct. 2276 (2013) .

Finally, Davis argues that he is entitled to relief because this court erred in calculating his guideline range. All of these claims, even if timely presented, lack merit.

### *1. Ineffective Assistance of Counsel*

Davis first argues that his trial and appellate counsel were ineffective because he should not have been classified as a career offender. He contends that his attorneys failed to offer "crucial evidence and records" that would have shown his prior convictions did not qualify as predicate offenses under the career offender statute.

However, this claim fails because Davis' records clearly indicate that he was properly classified as a career offender. Thus, any evidence or argument offered by his attorneys would not have changed this classification.

A defendant is classified as a career offender if he is at least eighteen years old at the time he is charged of a controlled substance offense and has at least two prior convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1 (2012).

The pre-sentence investigation report ("PSR") in this case states that Davis was eighteen at the time he was charged with his federal offenses and states that at the time he was convicted of such offenses he had previously been convicted of, (among other things), reckless discharge of a firearm and possession of a controlled substance with the intent to distribute. *United States v. Davis*, No. 08-CR-50026-1, Pre-Sentence Investigation Report at 9-14. The Seventh Circuit has determined that Illinois' crime of aggravated discharge of a firearm is a crime of violence for the purposes of Section 4B1.2(a). *See United States v. Curtis*, 645 F.3d 937, 941 (7th Cir. 2011). It has also found the crime of possession of a controlled substance with the intent to distribute is a controlled substance offense for the purposes of Section 4B1.2(b). *See United States v. Black*, 636 F.3d 893, 898 (7th Cir. 2011). Thus, Davis was properly classified as a career offender and cannot establish he suffered prejudice based on the fact that his attorneys failed to present any evidence or argument disputing his career offender status. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that a petitioner must show that his counsel made serious errors and must show that his counsel's errors prejudiced the defendant such that the result would have been different but for the errors).

Davis also appears to argue that his attorneys were ineffective because his base offense level is erroneous under the new crack cocaine laws. He claims his attorneys were ineffective because they failed to provide the court complete records. *See* [1] at 27. As support, he cites the Seventh Circuit's recent decision in *United States v. Lomax*, 712 F.3d 1087 (7th Cir. 2013).

Davis' argument here fails for a number of reasons. First, the court has already explained that Davis' sentence was not based upon the crack cocaine guidelines, but was instead based on the career offender guideline. *See United States v. Davis*, No. 08-CR-50026-1, at [108] (N.D. Ill.

Feb. 5, 2013). Next, Davis' reliance on *United States v. Lomax* is misplaced. In *Lomax*, the defendant pled guilty to one count of distributing crack cocaine in 2008, but was not sentenced until 2011. *Lomax*, 712 F.3d at 1088. There, the Seventh Circuit held that the district court's failure to use the sentencing guidelines that were in effect under Fair Sentencing Act of 2010 (which were effective at the time the defendant was sentenced in 2011) was erroneous and therefore required resentencing. *Id.* at 1088.

Davis' case is not analogous. Davis pled guilty on September 11, 2009. *See United States v. Davis*, No. 08-CR-50026-1, at [56]. The court sentenced him on December 14, 2009. *See United States v. Davis*, No. 08-CR-50026-1, at [69]. The FSA was not enacted until 2010. Thus, *Lomax* is inapposite and Davis' argument that his attorneys were somehow ineffective for failing to argue that the court should employ the guidelines under the FSA is entirely without merit. Accordingly, the court concludes Davis' ineffective assistance of counsel claim fails.

### 2. *Descamps v. United States*, 133 S. Ct. 2276 (2013)

Davis also claims that he is entitled to relief because the court "violated the standard held by the Supreme Court in *Descamps v. United States*[.]" [1] at 43. He appears to argue that the court "violated" *Descamps* when it relied upon the pre-sentence investigation report to determine that his prior conviction for possessing a controlled substance with the intent to deliver was a controlled substance offense. This argument also lacks merit.

In *Descamps*, the Supreme Court held that when a statute does not define a crime with alternative elements, the qualifying nature of a predicate offense must be assessed categorically. *Descamps*, 133 S. Ct. at 2290-93. This means that a court is generally limited to considering the fact of conviction and the statutory elements of the offenses to determine whether a prior conviction qualifies as a predicate offense under the career offender statute. *See Black*, 636 F.3d at 898 (stating that the district court is limited to examining "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding made by the trial judge to which the defendant assented.") (citations omitted).

Here, Davis claims the court inappropriately relied upon the PSR to determine that his prior conviction for possession a controlled substance with intent to deliver was a controlled substance offense. However, the Seventh Circuit has held that a district court's reliance on a defendant's PSR (which itself relied upon arrest reports and other background documents), does not create a constitutional issue with respect to a prior controlled substance offense because this offense qualifies as a predicate offense "on its face." *See id*. at 898. It is undeniable that Davis was previously convicted of possession with the intent to distribute a controlled substance. Accordingly, the court did not err when it relied upon Davis' PSR to find that his prior conviction for possession of a controlled substance with the intent to distribute constituted a predicate offense for the purposes of the career offender statute.[5]

---

[5]The sentencing transcript reveals that the court adopted the facts in the PSR that support a felony conviction of a crime of violence and a felony conviction of a violation of the controlled substance act and independently concluded that they met the requirement for a career offender finding. *United States v. Davis*, No. 08-CR-50026-1,Tr. of Sentencing Proceedings 12/14/09; [81] at 5.

### 3. Guideline Range Calculation

Finally, Davis appears to argue that the court erred when it determined his guideline range to be 262 to 327 months imprisonment. *See* [1] at 49; [5] at 5. The Seventh Circuit has explicitly held that such arguments are inappropriate on collateral review in Section 2255 petitions. *See Hawkins v. United States*, 706 F.3d 820, 823-24 (7h Cir. 2013) (holding that a misapplication of the advisory career-offender guideline was not cognizable under Section 2255). While in his reply brief Davis seems to suggest that his circumstance is "exceptional" and therefore could permit review, he fails to develop this argument or offer any authority to support the fact that his situation presents an exceptional circumstance that could allow the court to review his guideline range calculation on collateral review. Because of this, the court rejects Davis' argument that he is entitled to relief because of an alleged guideline calculation error.

## C. Certificate of Appealability

As a final matter, the court declines to issue a certificate of appealability. Rule 11 of the Rules governing Section 2255 cases in the United States District Courts mandate that the court rule on a certificate of appealability when it denies a petition under Section 2255 or otherwise closes the case. A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

While Davis attempted to raise constitutional issues in his petition, the court finds his petition untimely and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter." *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability.

For the reasons above, Joshua Davis' petition under 28 U.S.C. § 2255 is dismissed. [1]. The court declines to issue a certificate of appealability and denies Davis' request for an evidentiary hearing. The cause is dismissed in its entirety.

Date: 3/18 /2014          ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)